Sacks, Appellant, *v.* Price.

Argued April 23, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lee B. Sacks,* appellant, in propria persona.

*Samuel H. High, Jr.,* with him *High, Swartz, Roberts & Seidel,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, May 21, 1968:
James L. Price, Director of Public Safety in Cheltenham Township, prepared and had distributed, at the expense of the township, a brochure entitled A MESSAGE

128

TO SCHOOL CHILDREN AND THEIR PARENTS IN CHELTEN-
HAM TOWNSHIP FROM YOUR POLICE DEPARTMENT. The
printing bill amounted to $174.

The brochure was particularly addressed to children
and began "Your parents, your teachers, and the CHEL-
TENHAM TOWNSHIP POLICE DEPARTMENT wish to keep
you safe and happy. Always remember that your Po-
LICE OFFICER is your friend. Always report or ask
someone to report to a POLICE OFFICER or the CHELTEN-
HAM TOWNSHIP POLICE DEPARTMENT AT TU 7-6200, the
following: 1. Any stranger who tries to join you in
play. 2. Any stranger who asks you to go with him.
. . ." There followed seven other admonitions, all di-
rected to warning children against disturbers. The
telephone number of the Police Department was con-
spicuously displayed on the publication.

Scarcely a week passes that the news media do not
contain a distressing account of some child having been
abducted, maltreated, or abused in some fashion by un-
known individuals. The best way to reduce the per-
petration of these hideous offenses is to educate the
children not to allow themselves to be placed in a posi-
tion of danger.

Lee B. Sacks, a taxpayer of Cheltenham Township,
saw this educational pamphlet in a different light. He
perceived in it political propaganda to advance the
candidacy of James L. Price seeking election to the of-
fice of township commissioner. Mr. Price's name and
picture appeared on the cover of the pamphlet, but it
contained no reference to his political aspirations.

Sacks brought an action in equity against Price and
the other commissioners of Cheltenham Township, ask-
ing that the commissioners be restrained from paying
for the literature or to be surcharged for such payment
and that the election of Price as commissioner, if he
be elected, be declared void. A big order indeed.

The defendants filed preliminary objections which the lower court sustained. It said that the plaintiff, in entering his lawsuit, had failed to comply with the Act of June 3, 1937, P. L. 1333, §1751, 25 P.S. §3431, which required that in contests involving election of public officials, the petition initiating the contest must be signed by twenty registered electors. The complaint in this case was begun by only one elector.

But even if the plaintiff had meticulously observed the statute to the ultimate period and comma, his action would have had no merit, being frivolous on its face. Courts should not be burdened with litigation patently devoid of rationalization and averring no pos-- sible legal hurt or damage to the complainant. What Mr. Sacks complained of was an incident in American political life which in no way attached actionable fault to Mr. Price. A man holding public office is in the public eye. In the efficient discharge of his duties he is bound to receive public attention. If, in his zeal to do his job ever more efficiently and obtain better returns for the people on their tax investment, his words are quoted and his picture reproduced, the community benefits from that enthusiastic devotion to his duties. If, incidentally, while serving the public trustworthily and competently, he happens to be a candidate for office, this fortuitous coincidence cannot detract from the service he is rendering the people.

The court below found, and the record substantiates the finding that: "The brochure was in no way directed at partisan politics or political campaigning. The pamphlet is geared to the intellectual level of a ten year old. The syntax is simple, the vocabulary limited, and the appeal is to a child of tender years . . . The Township Commissioners are certainly empowered to promote and provide for the safety of school children within the township. Acts of June 24, 1931, P. L. 1206,

130

art. XV, §1502, cl. X, as amended, 53 P.S. 56510 . . .
This Court is of the opinion that the photograph of
Mr. Price, the Director of Public Safety, is appropri-
ate to the context of the pamphlet and that there is
nothing illegal about such a practice justifying the in-
tervention of a court of equity. There is not the re-
motest suggestion of political gamesmanship and the
children to whom the brochures were distributed are
political innocents."

Nothing could better illustrate the liberality of our
court procedure than this case which allows a person,
out of whim, caprice, or for personal reasons, to set
into motion the judicial machinery of the State, to
pass on a complaint so obviously devoid of merit as
this one.

Affirmed with costs on the appellant.

Mr. Justice COHEN, Mr. Justice EAGEN, Mr. Justice
O'BRIEN and Mr. Justice ROBERTS concur in the result.